OPINION
Defendant-appellant, Michael F. Tennyson ("appellant"), appeals from the judgment of the Lake County Court of Common Pleas accepting his guilty plea, determining he is a sexual predator, and sentencing him to more than the minimum for the offenses of attempted sexual imposition and attempted endangering children.
On August 27, 1999, appellant was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05 and one count of child endangering, in violation of R.C. 2919.22. The first charge stemmed from appellant touching a minor girl at his home. The second charge was the result of appellant asking to photograph a minor female in a state of nudity.
On January 10, 2000, appellant appeared before the trial court and withdrew his former plea of not guilty. Appellant agreed to enter into pleas of guilty to attempted gross sexual imposition and attempted endangering children, lesser included offenses of those charged in the indictment. In the court's presence, appellant signed a written plea of guilty, which stated a possible consequence of his plea agreement was a sexual predator hearing. The trial court accepted appellant's plea. The case was referred for a psychological evaluation, presentence report, victim impact statements, and a sexual offender assessment.
On April 3, 2000, the trial court held a sentencing hearing on the matter. Prior to sentencing appellant, the trial court held a sexual offender adjudication hearing. The trial court stated it reviewed the psychological reports and determined appellant to be a sexual predator. No evidence or witness testimony was admitted with regard to the sexual offender determination.
The trial court then proceeded to the sentencing phase of the hearing. After hearing argument, the trial court stated it had considered the applicable sections of the Revised Code, the victim impact statements, letters sent on appellant's behalf, the pre-sentence report, and psychological reports. The trial court sentenced appellant to concurrent sentences of three years for the attempted child endangering charge, a felony of the third degree, and one year for the offense of attempted gross imposition, a fifth degree felony. This court granted appellant leave to file a delayed appeal.
Appellant assigns the following errors for review:
 "[1.] The evidence upon which the trial court labeled appellant Michael F. Tennyson a sexual predator was insufficient, as a matter of law, to prove that Mr. Tennyson is likely to engage in the future in one or more sexually oriented offenses.
 "[2.] Defendant was denied due process of law when he was sentenced to a maximum sentence for a fifth degree felony and more than a minimum sentence for a third degree felony where defendant had led a law abiding life and had never been sentenced to prison before.
 "[3.] Defendant was denied due process of law when the court failed to inform defendant that one of the penalties was that defendant could be labeled a sexual predator.
 "[4.] Defendant was denied due process of law when the court, at the sentencing, without notice proceeded to conduct a sexual predator hearing."
 In his first assignment of error, appellant contends the trial court's determination that he is a sexual predator was based upon insufficient evidence. Appellant argues the trial court failed to make a proper determination that he is likely to engage in one or more sexually oriented offenses in the future.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior in the future. In applying this definition, a trial court can classify a defendant as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(C)(2)(b). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether it was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, any additional behavioral characteristics that contribute to the offender's conduct. R.C.2950.09(B).
The state must present clear and convincing evidence in support of both prongs of R.C. 2950.01(E). Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. An appellate court must examine the record before it to determine whether the trier of facts had sufficient evidence before it to satisfy the requirements of the clear and convincing degree of proof necessary for an offender to be determined a sexual predator.State v. Stillman (Dec. 22, 2000), Lake App. No. 2000-L-015, unreported, 2000 Ohio App. LEXIS 6106. Whether the evidence is legally sufficient to support the finding by the trier of fact is a matter of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
At the hearing, no testimony was given. The trial court stated it received and read the psychological reports and correspondence. The trial court read to appellant an explanation of the duties to register as a sex offender and stated it was checking sexual predator. The judgment entry stated the court took into consideration the psychological reports and presentence report, considered the factors set forth in R.C. 2950.09, and determined appellant to be a sexual predator by clear and convincing evidence.
In State v. Thompson (2001), 92 Ohio St.3d 584, the Supreme Court of Ohio held at paragraph one of the syllabus:
 "A judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism."
 Although not controlling a judge's discretion, the guidelines provide a framework to assist judges in determining whether a defendant is a sexual predator. The trial court should discuss on the record the statutory factors and evidence upon which it relied on in making its determination regarding the likelihood of recidivism. The court also may consider other evidence it deems relevant in making this determination. Id. at 587-588.
In State v. Dell (Aug. 10, 2001), Ashtabula App. No. 99-A-0038, unreported, 2001 Ohio App. LEXIS 3539, this court noted that, pursuant toState v. Eppinger (2001), 91 Ohio St.3d 168, there are three objectives to be achieved in a sexual offender classification hearing. First, there must be a clear and accurate record of what evidence or testimony was considered for appeal purposes. Second, the trial court may require an expert to assist in determining if an offender is likely to engage in a sexually oriented offense in the future. Third, the trial court should consider the factors listed in R.C. 2950.09(B)(2), and discuss, on the record, the evidence and factors it relied upon in making its determination with regard to recidivism.
In the instant case, the trial court did not state what statutory factors it considered in determining that appellant is a sexual predator. Neither did the court state, aside from in a general sense, what evidence it relied upon in making this determination. The record is inadequate for review of the trial court's classification of appellant as a sexual predator. The case is remanded for the trial court to state on the record its basis for classifying appellant as a sexual predator. Appellant's first assignment of error has merit.
In his second assignment of error, appellant challenges the trial court's imposition of the maximum sentence for the offense of attempted gross sexual imposition, a fifth degree felony. Appellant also disputes his sentence for more than the minimum for attempted child endangering, a third degree felony.
This court reviews a felony sentence de novo. R.C. 2953.08. A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. State v.Wilson (June 23, 2000), Lake App. No. 99-L-026, unreported, 2000 Ohio App. LEXIS 2766. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Bradford (June 1, 2001), Lake App. No. 2000-L-103, unreported, 2001 Ohio App. LEXIS 2487.
At the sentencing hearing, the trial court set forth its findings with regard to R.C. 2929.12(B), governing seriousness and recidivism factors. The trial court then sentenced appellant to the maximum term for the fifth degree felony and three years for the third degree felony. In its judgment entry, the trial court found a prison term was consistent with the purposes and principles of R.C. 2929.11. The court also found pursuant to R.C. 2929.14(B) that the shortest prison term would demean the seriousness of appellant's conduct and would not protect the public from future crime by appellant or others.
Because appellant was a first-time offender, the trial court was required to specify on the record that one or both of the reasons enumerated in R.C. 2929.14(B) justified the imposition of a sentence greater than the statutory minimum. State v. Edmonson (1999),86 Ohio St.3d 324. The court did not have to state its reasons for making this finding. Id. The trial court made the required finding in its judgment entry. Further, the trial court enunciated the factors it considered under R.C. 2929.12 at the sentencing hearing. The record supports the imposition of more than the minimum sentence for the third degree felony.
The trial court imposed the maximum sentence for the fifth degree felony. R.C. 2929.14(C) provides for the imposition of the maximum sentence only upon the offenders committing the worst forms of the offense, offenders posing the greatest likelihood of committing future crimes, upon certain drug offenders, and upon certain repeat violent offenders. Only one of these factors must be met in order to impose the maximum sentence. State v. Baldwin (June 29, 2001), Ashtabula App. No. 99-A-0069, unreported, 2001 Ohio App. LEXIS 2965. The trial court did not discuss R.C. 2929.14(C).
The trial court made no mention of R.C. 2929.14(C) or the factors set forth there regarding whether appellant committed the worst form of the offense or posed the greatest likelihood of committing future crimes. The record does not support the imposition of the maximum sentence for the fifth degree felony. The case is remanded to the trial court for resentencing. Appellant's second assignment of error is well-taken in part and overruled in part.
Appellant's third assignment of error challenges whether he entered into a knowing and voluntary guilty plea. Appellant asserts the trial court did not first inform appellant he could be designated a sexual predator. Appellant argues the potential of such a designation was a critical part of the penalty, requiring the trial court to advise him of the possibility prior to accepting a plea of guilty.
Advising a defendant of the maximum penalty or collateral consequences is not a constitutional matter requiring strict compliance with Crim.R. 11(C). See State v. Linen (Apr. 29, 1999), Cuyahoga App. Nos. 74070 and 74071, unreported, 1999 Ohio App. LEXIS 1952. Rather, a trial court must substantially comply with Crim.R. 11, meaning that, "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero
(1990), 56 Ohio St.3d 106, 108. A defendant who challenges his guilty plea on the basis that it was not knowing, intelligent, or voluntary must show a prejudicial effect. State v. Stewart (1977), 51 Ohio St.2d 86,93. The test for prejudice is whether the defendant would have pled guilty otherwise. Nero, supra, at 108. A trial court must only inform a defendant of the direct consequences, or those having a definite, immediate, and automatic effect on the sentence, but not collateral consequences. State v. Ward (1999), 130 Ohio App.3d 551.
In this case, the written plea agreement appellant signed stated a consequence of entering a plea of guilty would be a sexual predator hearing. The totality of the circumstances demonstrate appellant was aware of the possibility he could be found to be a sexual predator prior to the trial court's acceptance of his plea. Appellant's third assignment of error is without merit.
In his fourth assignment of error, appellant contends the trial court provided him no notice a sexual predator hearing would be conducted at the sentencing. Appellant also disputes the sufficiency of the hearing because no evidence was presented at the hearing itself.
With regard to appellant's notice argument, he asserts an entitlement to either an indictment or pleading regarding the sexual offender hearing prior to the hearing itself. Appellant ignores the civil nature of sexual offender classification hearings. See State v. Cook, supra. The state is not required to indict an offender as a possible sexual offender prior to a classification hearing. Further, R.C. 2950.09(B)(1) gives the trial court authority to conduct a sexual offender classification hearing for a felony offender as part of the sentencing hearing.
The Supreme Court of Ohio addressed the issue of notice in State v.Gowdy (2000), 88 Ohio St.3d 387. In Gowdy, the defendant received no prior notice, either oral or written, of the sexual offender classification hearing. The court required strict compliance with the notice requirement set forth in R.C. 2950.09(B)(1). That statute provides, in pertinent part:
 "[T]he judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator."
 As the Gowdy court stated, an offender must be given advance notice in order to adequately prepare for the hearing. Appellant signed and initialed each page of the written plea of guilty before the trial court accepted his oral guilty plea. The document states a sexual predator hearing pursuant to R.C. 2950.09 was a possible consequence of the plea. The trial court's judgment entry accepting the plea ordered a sexual offender assessment.
Based on the record before this court, it is apparent appellant was aware a sexual offender classification hearing would be held at the sentencing. Although the better practice would be to explicitly state on the record that the trial court will hold a hearing, appellant had adequate notice of the pending hearing to permit his counsel time to prepare. Appellant's other arguments assail the adequacy of the hearing itself. Those arguments were addressed above. Appellant's fourth assignment of error is overruled. The judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
JUDGE DIANE V. GRENDELL, CHRISTLEY, P.J., NADER, J., concur.